NEAL M. COHEN (SBN 184978) [nmc@viplawgroup.com]
Vista IP Law Group LLP
2040 Main Street, Suite 710
Irvine, CA 92614
Tel: (949) 724-1849
Fax: (949) 625-8955

*Attorneys for Defendants*
   *Eagle Web Assets, Inc.; EWA Network, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Essociate, Inc.<br><br>    Plaintiff,<br><br>    v.<br><br>Eagle Web Assets, Inc. et al.<br><br>    Defendants. | Case No. SACV 12-831 JVS (ANx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES BY: 1) EAGLE WEB ASSETS, INC.; AND 2) EWA NETWORK, INC.**<br><br>Hon. James V. Selna<br><br>**DEMAND FOR JURY TRIAL** |

Defendants **Eagle Web Assets, Inc.** and **EWA Network, Inc.** (collectively "Defendants") respond to the Complaint by Plaintiff Essociate, Inc. ("Plaintiff") as set forth herein, where paragraph numbers correspond to the same numbers in the Complaint.

U.S. Patent No. 6,804,660 is referred to herein as "the '660 Patent."

**ANSWER**

1. Admitted.

2. Admitted.

3. Denied.

4.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.   Eagle Web Assets, Inc. admits it is an Illinois Corporation.  All other allegations in this paragraph are denied.

8.   EWA Network, Inc. admits it is an Illinois Corporation with a place of business at 9933 Lawler Avenue, Suite 312, Skokie, Illinois 60077.  All other allegations in this paragraph are denied.

9.   Defendants deny that they are related entities. Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in this paragraph.

10.  Denied.

11.  Denied.

12.  Denied.

13.  Denied.

14. Denied.

15. Denied.

16. Denied.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

17. Defendants have not infringed and are not infringing the '660 Patent.

### SECOND AFFIRMATIVE DEFENSE

18. The '660 Patent is invalid for failure to comply with 35 U.S.C. §§ 102, 103, 112, and/or other provisions of Title 35 of the United States Code.

### THIRD AFFIRMATIVE DEFENSE

19. Plaintiff is barred from recovery of any alleged damages for any alleged acts of infringement of the '660 Patent by Defendants committed prior to Defendants receiving actual notice of the '660 Patent, because upon information and belief Plaintiff has not complied with the marking requirements of 35 U.S.C. § 287.

### FOURTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims of infringement are barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

21. Plaintiff has failed to state a cause of action upon which relief can be granted, regarding any allegations of infringement under 35 U.S.C. § 271(b).

## SIXTH AFFIRMATIVE DEFENSE

22. Plaintiff has failed to state a cause of action upon which relief can be granted, regarding any allegations of infringement under 35 U.S.C. § 271(c).

## SEVENTH AFFIRMATIVE DEFENSE

23. Plaintiff has failed to state a cause of action upon which relief can be granted, regarding any allegations of infringement based on modifying, upgrading, performing quality control, and/or providing support for any software or other products.

## EIGHTH AFFIRMATIVE DEFENSE

24. Plaintiff has failed to state a cause of action upon which relief can be granted, regarding any allegations of infringement based on information disclosed in the '660 Patent.

## NINTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims of infringement are barred by the Statute of Limitations for any alleged acts of infringement that occurred before the applicable date pursuant to 35 U.S.C. § 286.

## TENTH AFFIRMATIVE DEFENSE

26. Defendants are not liable for each other's acts.

**********

WHEREFORE, Defendants request Plaintiff be awarded nothing on its Complaint, judgment be entered in favor of Defendants on Plaintiff's Complaint, and Defendants be awarded costs and such other relief as this Court deems appropriate.

July 31, 2012                           VISTA IP LAW GROUP LLP

                                        By: /s/ Neal M. Cohen
                                        Neal M. Cohen
                                        *Attorneys for Defendants*
                                            *Eagle Web Assets, Inc.;*
                                            *EWA Network, Inc.*

**JURY DEMAND**

Pursuant to F.R.Civ.P. Rule 38(b) and L.R. 38-1, Defendants demand a jury trial on all issues triable to a jury.

Respectfully,

Vista IP Law Group LLP

July 31, 2012                                By: */s/ Neal M. Cohen*
                                             Neal M. Cohen
                                             *Attorneys for Defendants*
                                                *Eagle Web Assets, Inc.;*
                                                *EWA Network, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I served the foregoing document described as **ANSWER AND AFFIRMATIVE DEFENSES BY: 1) EAGLE WEB ASSETS, INC.; AND 2) EWA NETWORK, INC.** to all parties to this action as set forth below, on the date set forth below, in the manner(s) checked below.

☒ By the Court's ECF system

☐ By mail service to their attorney(s) of record, at the following address(es), on the date set forth below.

☐ By e-mail service to their attorney(s) of record, at the following email address(es), on the date set forth below.

☐ By fax service to their attorney(s) of record, at the following fax number(s), on the date set forth below.

**Counsel for Plaintiff**
Derek A. Newman (derek@newmanlaw.com)   TEL: (310) 359-8200
NEWMAN DU WORS LLP                      FAX: (310) 359-8190
100 Wilshire Boulevard, Suite 950
Santa Monica, CA 90401

John Du Wors (john@newmanlaw.com)        TEL: (206) 274-2800
Derek Linke (phv) (linke@newmanlaw.com)  FAX: (206) 274-2801
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101


Executed July 31, 2012, Irvine, California.

/s/ Neal M. Cohen
Neal M. Cohen