Daniel F. Van Woerkom, Esq. (*Pro Hac Vice* Pending)
VAN WOERKOM LAW PLLC
Email: dan.vwlaw@gmail.com
5406 West 11000 North, Suite 103-302
Highland, Utah 84003
(801) 847-7707   Fax: (888) 847-7759

STEPHENS FRIEDLAND LLP
Todd G. Friedland, Bar No. 187022
Email: todd@sf-lawyers.com
J. Gregory Dyer, Bar No. 218385
Email: greg@sf-lawyers.com
4695 MacArthur Court, Suite 1550
Newport Beach, California 92660
(949) 468-3200  Fax:     (949) 468-3201

Attorneys for Intervenor LinkTrust Systems, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ESSOCIATE, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>EAGLE WEB ASSETS, INC., an Illinois corporation; and EWA NETWORK, INC., an Illinois corporation,<br><br>            Defendants. | Case No.: SACV12-0831 JVS(MLGx)<br><br>**MEMORANDUM IN SUPPORT OF MOTION OF LINKTRUST SYSTEMS INC. FOR LEAVE TO INTEVENE UNDER FEDERAL RULE OF CIVIL PROCEDURE 24**<br><br>Date of Hearing:  September 17, 2012<br>Time:             1:30 pm<br>Courtroom:        10C<br>Judge:            James V. Selna |
| LINKTRUST SYSTEMS, INC.<br><br>            Intervenor. | [Filed Concurrently with Notice of Motion & Motion; Exhibit A – Proposed Answer and Counterclaim of LinkTrust, etc.; Declaration of Brett Grow; and Proposed Order Thereon] |

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 1550
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

- 1 -
MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
Case No. SACV12-0831

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

LinkTrust Systems, Inc. ("LinkTrust" or "Intervenor"), seeks to intervene in this action as Defendant and Counterclaim Plaintiff as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or, alternatively, as a matter of permission at the discretion of the Court, pursuant to Federal Rule of Civil procedure 24(b)(2), and to permit Intervenor to file the [Proposed] Answer and Counterclaim in Intervention attached to this Motion as Exhibit "A".

This Motion is made on the grounds that Intervenor has a significant, legally protectable interest that relates to the subject matter of this action, the disposition of which will, as a practical matter, impair or impede its ability to protect its interests; and the present Defendants may be unlikely to adequately represent Intervenor's interests in this case.

The Motion is timely. Intervention would raise no new issues. It would not delay or complicate the case, nor otherwise increase the burden on the existing parties. The effect of LinkTrust's intervention would allow the developer of the software platform at issue in this case to be represented before this Court.

## FACTUAL BACKGROUND

LinkTrust sells and licenses a software platform used by Defendant(s) which supports Defendant(s)' online marketing and sales business and/or Defendant(s)' re-licensing of the same. Defendants have informed LinkTrust that they believe the LinkTrust software platform to be the entire basis of the patent infringement claim made by Plaintiff.

To the extent this is accurate, LinkTrust definitely has a significantly protectable interest. LinkTrust's ability to sell and license its software platform used by Defendant(s) and other clients would be prejudiced by unfavorable resolution of the patent infringement claim made by Plaintiff.

Defendant(s) are licensee(s) of Linktrust software which they they use and/or re-license. Linktrust is the owner and developer of software used by Defendant(s).

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 1550
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

- 2 -

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
Case No. SACV12-0831

protect its interest; and (4) the applicant's interest must be inadequately represented by the parties before the court." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citing *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)). For the resons set forth below, Linktrust satisfies the requirements of Federal Rule of Civil Procedure 24(a)(2) to intervene as a matter of right in the present action.

### 1. Timeliness of Motion

This application is being filed approximately fifteen (15) days after a responsive pleading was due as agreed to between the current parties (the Complaint having been filed on May 23, 2012) Discovery has yet to begin. The Court has yet to make any substantive ruling. As such, the motion is timely, and no party can claim prejudice. Intervention will not prejudice the existing parties. *See Northwest Forest Council*, 82 F.3d at 836 (citing *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990)) (the court generally considers three factors in determining timelinesss: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for and any delay in moving to intervene.").

### 2. Significantly Protectable Interest[1]

LinkTrust sells and licenses a software platform used by Defendant(s) which supports Defendant(s)' online marketing and sales business. Defendants have informed LinkTrust that they believe the LinkTrust software platform to be the entire basis of the patent infringement claim made by Plaintiff. To the extent this is accurate, Linktrust definitely has a significantly protectable interest. Fed. R. Civ. P. 24(a)(2) requires "an interest relating to the property or transaction that is the subject of the action", and "[i]t is generally enough that the interest[asserted] is protectable under some law, and that there is a relationship between the legally

---

[1] The facts set forth below are supported by the Declaration of Bret Brow filed concurrently herewith.

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 1550
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

- 4 -

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
Case No. SACV12-0831

To the extent Linktrust's software is the basis of the patent infringement claim made by Plaintiff, as claimed by Defendant(s), LinkTrust controls the facts and has the expertise required to make the arguments in defense of the patent infringement claim. Defendant(s) cannot make all such arguments without Linktrust's guidance and assistance. As such, Defendant(s) cannot adequately represent Linktrust's interests to the extent Linktrust's software is the basis of the patent infringement claim made by Plaintiff.

This application is being filed approximately fifteen (15) days after a responsive pleading was due as agreed to between the current parties (the Complaint having been filed on May 23, 2012). Discovery has yet to begin. The Court has yet to make any substantive ruling. As such, the motion is timely, and no party can claim prejudice. Intervention will not prejudice the existing parties.

## ARGUMENT

### A. INTERVENORS ARE ENTITLED TO INTERVENE IN THIS ACTION AS A MATTER OF RIGHT

Linktrust is entitled to intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2). Rule 24(a)(2) provides: "On timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Ninth Circuit construes Rule 24 liberally in favor of the intervenor. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

The Ninth Circuit has broken down the requirements of Rule 24(a)(2) into four elements: "(1) the application must be timely; (2) the applicant must have a "significantly protectable" interest relating to the transaction that is the subject matter of the litigation; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 1550
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

- 3 -

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
Case No. SACV12-0831

protected interest and the claims at issue." *Seirra Club v. United States* EPA, 995 F.2d 1478, 1484 (9th Cir. 1993).

### 3. Prejudice by Judgment or Resolution in Its Absence

LinkTrust's ability to sell and license its software platform used by Defendant(s) would be prejudiced by unfavorable resolution of the patent infringement claim made by Plaintiff. To intervene, a movant must show the disposition of the action may "as a practical matter impare or impede" the ability to protect movant's interest . . .." Fed. R. Civ. P. 24(a)(2); *Cummingham v. David Special Commitment Ctr.*, 158 F.3d 1035, 1038 (9th Cir. 1998). This only requires a showing of "practical" impairment, "not whether the decision itself binds them." *Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir. 1991). The Ninth Circuit follows the "guidance of Rule 24 advisory committee notes that state '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Southwest Ctr. For Biological Diversity*, 268 F.3d at 822.

### 4. Interests not Adequately Represented by the Parties

Intervention is appropriate where existing parties do not adequately represent the intervenors' interests. The Ninth Circuit considers three factors in determining adequacy of representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086 (citing *California v. Tahoe Reg'l Planing* Agency, 792 F.2d 775, 778 (9th Cir. 1986)). Only a minimal showing is needed to establish that existing representation 'may" be inadequate. *City of Los Angeles*, 288 F.3d 391, 401-402 (9th Cir. 2002).

Defendant(s) are licensee(s) of Linktrust software which they they use and/or re-license. Linktrust is the owner and developer of software used by Defendant(s).

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 1550
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

- 5 -

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
Case No. SACV12-0831

To the extent Linktrust's software is the basis of the patent infringement claim made by Plaintiff, as claimed by Defendant(s), LinkTrust controls the facts and has the expertise required to make the arguments in defense of the patent infringement claim. Defendant(s) cannot make all such arguments without Linktrust's guidance and assistance. As such, Defendant(s) cannot adequately represent Linktrust's interests to the extent Linktrust's software is the basis of the patent infringement claim made by Plaintiff.

### B. IF INTERVENOR HAS NO MATTER OF RIGHT TO INTERVENE, THE COURT SHOULD ALLOW INTERVENTION

Even if the Court finds that LinkTrust is not entitled to intervention as a matter of right, the Court should exercise its discretion and permit intervention in this matter. Under Rule 24(b), a court may grant permissive intervention whenever the movant "has a claim or defense that shares with the main action a common question of law and fact," and when intervention would not "unduly delay or prejudice the adjudication of the original parties' rights" Federal Rule of Civil Procedure 24(b). As explained above, LinkTrust meets all of these requirements as it seeks to uphold the right to sell and license use of the software platform that Plaintiff apparently seeks to eliminate. Permissive intervention is allowed on the basis that the sale and licensed use of the software platform implicates the same questions of law and fact. *See Defenders of Wildlife*, 2005 WL 3260986, at *2 (citing *Kootenia Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108-09 (9th Cir. 2002)).

Permissive intervention is also justified because Linktrust's intervention will facilitate an equitable result. *See Spangler v. Pasadena Board of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977) (the court may consider whether intervenors "will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."); *see also Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489,

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 1550
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

- 6 -

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
Case No. SACV12-0831

1  1496 n.8 (9th Cir. 1993) ("A liberal policy in favor of intervention serves both
2  efficient resolution of issues and broadened access to the courts.") (citations
3  omitted).

### CONCLUSION

5      As set forth above, Intervenor Linktrust is entitled to intervene as a matter of
6  right pursuant to Federal Rule of Civil Procedure 24(a)(2). Alternatively, LinkTrust
7  requests permissive intervention pursuant to Federal Rule of Civil Procedure
8  249b)(2).

10  Dated: August 15, 2012          VAN WOERKOM LAW PLLC
11                                             STEPHENS FRIEDLAND LLC

13                                             /s/ Todd G. Friedland
                                By_____
14                                     Todd G. Friedland
                                   Attorneys for Intervenor
                                   LinkTrust Systems, Inc.

STEPHENS FRIEDLAND LLP
4695 MacArthur Court
Suite 1550
Newport Beach, California 92660
Telephone: (949) 468-3200
Facsimile: (949) 468-3201

- 7 -
MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
Case No. SACV12-0831