1

2   Derek A. Newman, State Bar No. 190467
    derek@newmanlaw.com
3   John Du Wors, State Bar No. 233913
    john@newmanlaw.com
4   Derek Linke (*pro hac vice* to be filed)
    linke@newmanlaw.com
5   NEWMAN DU WORS LLP
    1201 Third Avenue, Suite 1600
6   Seattle, WA 98101
    Telephone:   (206) 274-2800
7   Facsimile:    (206) 274-2801

8   Attorneys for Plaintiff
    ESSOCIATE, INC.

9

10                 **UNITED STATES DISTRICT COURT**

11               **CENTRAL DISTRICT OF CALIFORNIA**

12                      **SOUTHERN DIVISION**

13   ESSOCIATE, INC., a Delaware          Case No. SACV12-00831 JVS
     corporation,                         (MLGx)

14
                   Plaintiff,             **JOINT RULE 26(f) REPORT**
15
           v.
16                                        The Honorable James V. Selna
     EAGLE WEB ASSETS, INC., an Illinois  Santa Ana Courthouse
17   corporation; and EWA NETWORK, INC.,
     an Illinois corporation,

18
                   Defendants.
19
     LINKTRUST SYSTEMS, INC.
20
                   Intervenor and Counterclaim
21                 Plaintiff.

22

23

24

25

26

27

28

Counsel for Plaintiff Essociate, Inc., Defendants Eagle Web Assets, Inc., EWA Network, Inc. (together "Defendants") and Intervenor and Counterclaim Plaintiff Linktrust Systems, Inc. held an early meeting of counsel conducted telephonically and concluded on September 10, 2012. The parties respectfully submit the following Joint Rule 26(f) Report.

1.     Synopsis.

Essociate claims that Defendants infringed one or more claims of U.S. Patent No. 6,804,660 (the " '660 Patent").

Defendants have denied the substantive allegations of the Complaint and have asserted affirmative defenses, including that the '660 Patent is invalid and not infringed by them.

Linktrust has intervened and denies the substantive allegations of the Complaint and has asserted affirmative defenses that the '660 Patent is invalid, unenforceable, and not infringed by Defendants or Linktrust.  Linktrust has also alleged counterclaims for noninfringement and invalidity against Essociate.

2.     Legal Issues.

The parties anticipate that the legal issues will be as follows: (1) whether the '660 Patent is valid; (2) whether the '660 Patent is enforceable; (3) whether Defendants infringe the '660 Patent; (4) whether Defendants' infringement is willful; (5) whether Essociate has any damages resulting from any finding of infringement of the '660 Patent by Defendants; (6) whether Essociate is entitled to an injunction assuming it can prove Defendants infringed the '660 Patent; and (7) whether any party is entitled to an award of attorneys fees pursuant to 35 U.S.C. § 285.

3.    Damages.

Essociate currently estimates the provable damages against Defendants are between $50,000 and $5,500,000.

4.    Insurance.

The parties have not identified any insurance agreement which would pertain to any claims in this case.

5.    Motions.

Essociate does not intend to file any motions to add other parties or claims, file amended pleadings, or transfer venue.  Defendants and Intervenor do not intend to file any motions to add other parties or claims, file amended pleadings, or transfer venue.

6.    Discovery and Experts.

The parties do not see a need to make any changes in the standard Rule 26(a) disclosures, nor do they believe discovery should be conducted in phases or otherwise be limited. No discovery has been conducted thus far, but Essociate will have served discovery requests before the case management conference scheduled in this case. The parties anticipate the scope of future discovery will include, but not necessarily be limited to, the following: the history of the invention described in the '660 Patent; the prosecution of the '660 Patent; profits made or lost from allegedly infringing activities; existing and proposed licensing agreements; all information relating to the parties' use and/or exploitation of the allegedly infringing technology (actual or attempted), prior art. With the possible exception of the number of depositions and interrogatories, the parties foresee no need to change applicable limitations or impose other limitations, nor do they request the Court enter other orders aside from a protective order, which the parties believe is

advisable. The parties agree to jointly discuss the terms of a proposed protective order. The parties do not yet know how many depositions will be necessary but anticipate they will not need to take a greater number of depositions than those provided by the Rules. With respect to expert witness disclosure, the parties wish to make their disclosures in accordance with the Patent Local Rules adopted by this Court and as reflected on Exhibit A hereto.

7.    Dispositive Motions.

The parties may file dispositive motions which relate to issues including, but not necessarily limited to, the following: statutory bars under 35 U.S.C. § 102, statutory subject matter; infringement as a matter of law, non-infringement; and the validity of the '660 Patent. The parties expect to file motions in limine but currently cannot predict what issues or claims those motions may involve.

8.    Settlement and Settlement Mechanism.

There have not been any substantive settlement discussions. The parties prefer mediation as their settlement procedure pursuant to Local Rule 16-15.4.

9.    Trial Estimate.

The parties agree seven days is a reasonable estimate of the time required for trial, and that Essociate's claims will be tried before a jury. The parties currently cannot predict with certainty the number of witnesses they may call at trial, but Essociate anticipates it may call approximately six witnesses.

10.    Timetable.

The parties have completed a Presumptive Schedule of Trial Dates, which is attached as Exhibit A to this report.

11.   Other Issues.

The parties are currently unaware of issues affecting the status or management of this case.

12.   Conflicts.

The parties have filed all necessary corporate disclosure statements.

13.   Patent Cases.

The parties propose the following dates and methodology for claim construction and *Markman* hearings:

| Event | Jointly Requested Dates |
|---|---|
| Plaintiff to serve "Disclosure of Asserted Claims and Infringement Contentions" | 12/18/2012 |
| Defendants to serve "Invalidity Contentions" | 1/21/2013 |
| Parties exchange lists of claim terms to be construed | 2/19/2013 |
| Deadline for meet and confer regarding terms to be construed | 3/19/2013 |
| Deadline for meet and confer regarding issues relating to claim construction | 4/23/2013 |
| Joint claim construction / preliminary hearing statement | 5/21/2013 |
| Discovery complete regarding claim construction | 5/28/2013 |

| Event | Jointly Requested Dates |
|---|---|
| Deadlines for exchange of initial *Markman* briefs and responses. | 6/25/2013 and 7/9/2013 |
| *Markman* hearing | 07/25/2013 |
| Plaintiff may serve "Amended Infringement Contentions" if applicable | 9/02/2013 |
| Defendants may serve "Amended Invalidity Contentions" if applicable | 10/07/2013 |

14.    Magistrates.

The parties do not wish to have a Magistrate Judge preside over all the proceedings.

[Signatures on following page.]

1       Dated this 18th day of September, 2012.

2

3    **NEWMAN DU WORS LLP**           **VISTA IP LAW GROUP LLP**

4

5    s/ Derek A. Newman              s/ Neal M. Cohen
    Derek A. Newman, State Bar No.      Neal M. Cohen (SBN 184978)

6    190467                        2040 Main Street, Suite 710
    derek@newmanlaw.com           Irvine, CA 92614
    Derek Linke (*pro hac vice* to be filed)   Phone:    (949) 724-1849

7    linke@newmanlaw.com            Fax:      (949) 625-8955
    John Du Wors, State Bar No. 233913

8    john@newmanlaw.com

9    1201 Third Avenue, Suite 1600     Attorneys for Defendants
    Seattle, WA 98101             Eagle Web Assets, Inc., and

10   Phone:    (206) 274-2800     EWA Network, Inc.
    Fax:      (206) 274-2801

11

12   Attorneys for Plaintiff
    Essociate, Inc.

13                               **STEPHENS FRIEDLAND LLP**

14

15                             s/ J. Gregory Dyer
                             Todd G. Friedland, State Bar No.

16                             187022
                             todd@sf-lawyers.com

17                             J. Gregory Dyer, State Bar No. 218385
                             greg@sf-lawyers.com

18                             4695 MacArthur Court, Suite 1550
                             Newport Beach, CA 92660

19                             Phone:    (949) 468-3200
                             Fax:      (949) 468-3201

20                             and

21                             VAN WOERKOM LAW PLLC
                             Daniel F. Van Woerkom (pro hac vice)

22                             dan.vwlaw.com
                             5406 West 11000 North

23                             Suite 103-302
                             Highland, UT 84003

24                             Phone:    (801) 847-7707
                             Fax:      (888) 847-7759

25

26                             Attorneys for Intervenor/Counterclaim
                             Plaintiff

27                             LinkTrust Systems, Inc.

28

**JOINT STATUS REPORT**