Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com
NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 940
Santa Monica, CA 90401
Telephone: (310) 359-8200
Facsimile: (310) 359-8190

John Du Wors, State Bar No. 233913
john@newmanlaw.com
Derek Linke (*pro hac vice*)
linke@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Plaintiff
ESSOCIATE, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ESSOCIATE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE WEB ASSETS, INC., an Illinois corporation; and EWA NETWORK, INC., an Illinois corporation,<br><br>Defendants<br><br>LINKTRUST SYSTEMS, INC.<br><br>Intervenor and Counterclaim Plaintiff. | Case No. SACV12-00831 JVS (MLGx)<br><br>**PLAINTIFF ESSOCIATE, INC.'S RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL (Dkt. 56)**<br><br>The Honorable James V. Selna<br>Santa Ana Courthouse |

Plaintiff Essociate, Inc. respectfully submits this response to the Court's February 4, 2014 Order to Show Cause Re Dismissal for Lack of Prosecution ("OSC") (Dkt. 56).

## I. FACTUAL BACKGROUND

On May 23, 2012, Essociate filed a complaint alleging that Defendants Eagle Web Assets, Inc., and EWA Network, Inc. (together, "Eagle Web") infringed U.S. Patent No. 6,804,660. (Dkt. 1.) On July 31, 2012, Eagle Web appeared by counsel and answered Essociate's complaint. (Dkt. 11.) Eagle Web's answer to Essociate's complaint did not assert any defenses related to service of process. (Dkt. 11.)

On August 15, 2012, third-party Linktrust Systems, Inc. moved to intervene on behalf of Eagle Web under Rule 24(a)(2) of the Federal Rules of Civil Procedure. (Dkt. 14.) Linktrust claimed that it provided the "software platform . . . which supports [Eagle Web's] online marketing and sales business" that formed the basis of Essociate's patent-infringement claim. (Dkt. 14-2 at 4:18–21.)

On May 22, 2013, Eagle Web's counsel filed a motion to withdraw. (Dkt. 36 at 2:7–12.) Their counsel testified that Eagle Web had "apparently ceased operations" and refused to respond to communications. (Dkt. 36-1 ¶¶ 4, 5–9.) On June 20, 2013, the Court entered an order granting Eagle Web's counsels' motion to withdraw and requiring Eagle Web to identify new counsel before August 12, 2013. (Dkt. 41.) Eagle did not appear by counsel or otherwise respond to the Court's order. So on October 24, 2013, the Court granted Essociate's motion to strike Eagle Web's answer, holding that "[w]hen a party fails to comply with a court order to retain counsel, entry of a default judgment against that party is 'perfectly appropriate.'" (Dkt. 48 (quoting *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam)).)

Essociate has been diligently pursuing third-party discovery from Linktrust

in support of its motion for default judgment. On October 14, 2013, Essociate served Linktrust with a subpoena for deposition testimony and the production of documents relating to Linktrust's provision of services to Eagle Web. Linktrust has refused to provide substantive responses.

On November 25, 2013, Essociate filed a motion to compel responses to its subpoena in the United States District Court for the District of Utah in an action titled *Essociate, Inc. v. Linktrust Systems, Inc.*, No. 13-mc-01050-TS. On January 21, 2014 Linktrust filed its response to Essociate's motion and on February 4, 2014, Essociate filed its reply. Essociate's motion to compel is now fully briefed and awaiting consideration by the Utah District Court.

## II.  DISCUSSION

Dismissal under Rule 4(m) is inappropriate because Essociate properly served Eagle Web with service of process as set forth in the proof of service on file with the Court. On May 29, 2012, Essociate's process server personally served the "registered agent for Eagle Web Assets, Inc. and EWA Network, Inc." in Skokie, Illinois. (Dkt. 53.) And in their answer, Eagle Web Assets, Inc. and EWA Network, Inc. admitted that they were, respectively, the Illinois corporations alleged in Paragraphs 7 and 8 of Essociate's complaint. (*See* Dkt. 11 ¶¶ 7–8.) Essociate's service of process on May 29, 2012 was within 120 days of the May 23, 2012 filing of its complaint and was therefore timely under Rule 4(m).

Additionally, dismissal is inappropriate because Eagle Web waived any defenses based on service of process. A proof of service is not required where, as here, a party waived service of process. Fed. R. Civ. P. 4(l). Eagle Web waived any defenses based on service of process—under Rule 12(h), "a party waives any defenses listed in Rule 12(b)(2)–(5)" by failing to assert the defense in a Rule 12 motion or in a responsive pleading. That list includes the defense for insufficient service of process under Rule 12(b)(5). Eagle Web did not assert a defense based

on insufficient service of process in a motion or in its responsive pleading, and therefore waived it. So Essociate was not required to file a proof of service.

Finally, should the Court nonetheless determine that Essociate's service was defective,[1] Essociate respectfully submits that good cause exists for providing it an opportunity to address any defect. A plaintiff's failure to complete service within the time specified by Rule 4(m) may be excused upon a showing that: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Oyama v. Sheehan*, 253 F.3d 507, 512–13 (9th Cir. 2001) (quotation omitted). Each of those factors applies here: (a) Eagle Web had actual notice of the lawsuit—it appeared by counsel to defend it; (b) Eagle Web cannot suffer any prejudice—according to its former counsel, Eagle Web is no longer in operation and voluntarily abandoned its defense of this lawsuit; and (c) Essociate would be severely prejudiced if its complaint were now dismissed because it has invested nearly two years in this action and is only a few steps away from finally being able to obtain relief in the form of a default judgment.

### III.   CONCLUSION

Essociate respectfully submits that it properly served Eagle Web with the summons and complaint and that dismissal for failure to prosecute is not warranted. If the Court disagrees that Essociate's service of process was complete, Essociate respectfully requests leave to file a proof of service curing any remaining issues so it may continue diligently pursuing its subpoena against Linktrust in preparation for its motion for default judgment.

---

[1] A mere failure to prove service "does not affect the validity of service." Fed. R. Civ. P. 4(l)(3).

| | | |
|---|---|---|
| 1 | Dated: February 24, 2014 | Respectfully submitted, |
| 2 | | |
| 3 | | NEWMAN DU WORS LLP |
| 4 | | s/ Derek Linke |
| 5 | | Derek A. Newman, State Bar No. 190467<br>derek@newmanlaw.com |
| 6 | | Derek Linke (*pro hac vice*)<br>linke@newmanlaw.com |
| 7 | | John Du Wors, State Bar No. 233913<br>john@newmanlaw.com |
| 8 | | Attorneys for Plaintiff<br>Essociate, Inc. |

**PL. ESSOCIATE, INC.'S RESPONSE TO OSC RE DISMISSAL**