JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 12-0831 JVS (MLGx)     Date February 11, 2015

Title    Essociate, Inc. v. Eagle Web Assets, Inc.

Present: The Honorable    James V. Selna

Karla J. Tunis                  Not Present
Deputy Clerk                    Court Reporter

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

Not Present                    Not Present

**Proceedings:**    **(IN CHAMBERS)**    **Order Denying Application for Default Judgment and Dismissing Action**

      Plaintiff Essociate, Inc. ("Essociate") moves the Court to enter default judgment against Defendants Eagle Web Assets and EWA Network, Inc. (collectively, "Defendants"). (Application for Default Judgment ("Appl."), Docket ("Dkt.") No. 68.) Defendants have not opposed.

I.    **Background**

      Essociate owns U.S. Patent No. 6,804,660 ("'660 Patent"). The '660 Patent "relates generally to e-commerce and, more particularly to . . . Internet based affiliate pooling." (Compl., Ex. A ('660 Patent), 1:16–18, Dkt. No. 1; see generally Order Granting Motions for Judgment on the Pleadings, Case No. SACV 13-1886 JVS (DFMx), Dkt. No. 51 (providing detailed overview of the '660 Patent).) On May 23, 2012, Essociate filed suit against Defendants alleging that their EWA Private Network affiliate marketing network was infringing the '660 Patent. (Compl., ¶¶ 11–16.) Defendants filed an Answer (Dkt. No. 11), but the Court later granted Defendants' counsels' motion to withdraw (Dkt. No. 40). After Defendants failed to name new counsel despite the Court's order to do so, the Court struck their Answer. (Dkt. No. 48.) At the request of Essociate, the Clerk entered default against Defendants on May 1, 2014. (Dkt. No. 64.) Defendants have apparently ceased operations. (Dkt. No. 40.)

      Essociate now seeks a reasonable royalty pursuant to 35 U.S.C. § 284 for Defendants' alleged infringement of the '660 Patent, as well as costs and post-judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-0831 JVS (MLGx)                    Date  February 11, 2015

Title  Essociate, Inc. v. Eagle Web Assets, Inc.

interest.  (Appl., 7–11.)

## II.  Legal Standard

Under Federal Rule of Civil Procedure 55(b)(2), a "party may apply to the court for a default judgment."  Granting a motion for default judgment pursuant to Rule 55(b)(2) is within the discretion of the Court.  Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).  The Court will consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  Eitel, 782 F.2d at 1471-72.

Local Rule 55-1 requires an application for default judgment to be accompanied by a declaration including the following information: "(a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person . . .; (d) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) that notice has been served on the defaulting party, if required by F. R. Civ. P. 55(b)(2)."

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages.  See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).

## III.  Discussion

The Court concludes that Essociate has not stated a prima facie claim for patent infringement and thus only discusses the second and third Eitel factors.  Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover.  See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498–99 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-0831 JVS (MLGx)                            Date  February 11, 2015

Title  Essociate, Inc. v. Eagle Web Assets, Inc.

　　　　A defendant infringes a patent when it: (1) without authority; (2) makes, uses, offers to sell, sells, or imports; (3) any patented invention; (4) within the United States; (5) during the term of the patent.  35 U.S.C. § 271(a).  However, "before there can be infringement there must be a valid patent."  Coast Metals, Inc. v. Wall Colmonoy Corp., 315 F.3d 416, 417 (9th Cir. 1963).  A valid patent is essential to a claim of patent infringement.  Wham-O-Mfg. Co. v. Paradise Mfg. Co., 327 F.2d 748 (9th Cir. 1964); see also Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1332 (Fed. Cir. 2008).  In Case No. SACV 13-1886 JVS (DFMx), a related but unconsolidated case, the Court recently held that Claims 1, 10, 15, 23, 28, and 36 of the '660 Patent were all patent-ineligible claims under 35 U.S.C. § 101.  (Order Granting Motions for Judgment on the Pleadings, Case No. SACV 13-1886 JVS (DFMx), Dkt. No. 51.)  Essociate's Complaint alleges that Defendants infringed Claim 1 of the '660 Patent and that infringement of that claim exemplified its infringement allegations.  (Compl. ¶ 12.)  Because Essociate seeks default judgment on patent-ineligible and thus invalid claims of the '660 Patent, Essociate has failed to state a claim upon which it may recover.  Essociate's '660 Patent fails to meet the threshold of being valid in order to sustain an action for infringement.  Without a prima facie claim for patent infringement, the Court need not assess whether Essociate has met the requirements of Local Rule 55-1 or established a sufficient showing under the Eitel factors.

IV.   **Conclusion**

　　　　For the foregoing reasons, the Court **DENIES** Essociate's Application.  Because no amendment can cure the Application, the Court also hereby dismisses the case.  The Court further finds that oral argument would not be helpful on this matter, and vacates the February 23, 2015 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

　　　　**IT IS SO ORDERED.**

|   | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |